UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARREN RODERICK GURDON :
:                              PRISONER
v. :            Case No. 3:12cv907(RNC)
:
BRIDGEPORT COUNTY STATE OF :
CONNECTICUT :

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, currently confined at a detention center in Georgia, brings this action pro se challenging his Connecticut conviction for larceny on the ground that he received ineffective assistance of counsel. He alleges that his lawyer failed to advise him of the immigration consequences of a guilty plea. He seeks a writ of error coram nobis vacating the state judgment. For reasons that follow, the petition is dismissed.

In order to obtain relief in federal court from his Connecticut conviction, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241 (c)(3). See Lackawanna County District Attorney v. Cross, 532 U.S. 394, 401 (2001). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice,

515 U.S. 39, 41 (1995).

It is apparent from the face of the petition that petitioner is not in custody under the Connecticut conviction he seeks to attack. The petition alleges that on February 21, 2008, petitioner pleaded guilty in Connecticut Superior Court to a charge of larceny in the fourth degree and was sentenced to one year imprisonment, execution suspended, followed by two years of probation. See Doc. #1 at 5, 7. Petitioner concedes that he has served this sentence. See Doc. #1 at 7.

In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because that conviction had been used to enhance a subsequent sentence. 490 U.S. at 493. The Court acknowledged, however, that Maleng had "satisfied the 'in custody' requirement for federal habeas jurisdiction" because his 2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction." Id. at 493-94.

Because petitioner is no longer in custody on the state sentence he seeks to attack, this Court lacks jurisdiction to entertain his petition. The fact that petitioner has filed the petition pursuant to 28 U.S.C. § 1651, instead of 28 U.S.C. § 2254, does not permit this Court to consider the petition. Section 1651, known as the All Writs Act, "authorizes courts to

issue writs 'agreeable to the usages and principles of law' - traditional writs that have not been altered or abolished by some other statute." Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) (quoting 28 U.S.C. § 1651(a)).  One such writ is the writ of error coram nobis.  But this writ is available only from the court that issued the judgment and, accordingly, "district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."  See Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d. Cir. 2006) (citing cases).  As petitioner is challenging a state sentence, he cannot use a writ of error coram nobis to evade the proscription of Maleng.  See Lowery, 954 F.2d at 423 (holding that "[i]t would be an abuse to invoke the All Writs Act, 28 U.S.C. § 1651(a), to evade Maleng."). Petitioner may file his petition in the Connecticut Superior Court.

Accordingly, the petition is hereby dismissed.  Because reasonable jurists would not find it debatable that the court lacks jurisdiction to entertain this action, a certificate of appealability will not issue.  The Clerk will enter judgment and close the case.

So ordered this 15th day of August 2012.

/s/
Robert N. Chatigny
United States District Judge